

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| ) | |
| Plaintiff, ) | **1:14CR341** |
| ) | |
| v. ) | CASE NO._____ |
| ) | Title 18, Section 922(g)(1), and |
| KALI ALEXANDER, ) | 924(c)(1)(A)(i), United States |
| RASHEAM NICHOLS, ) | Code, |
| JUSTIN MAXWELL, ) | and |
| TERRANCE CHAPPELL, and ) | Title 21, Sections 841(a)(1) and |
| KENNETH FLOWERS, ) | (b)(1)(A), (b)(1)(C), and 846, |
| ) | United States Code |
| Defendants. ) | JUDGE GAUGHAN |

### COUNT 1

The Grand Jury charges:

On or about August 25, 2014, through on or about September 3, 2014, in the Northern District of Ohio, Eastern Division, KALI ALEXANDER, did knowingly and intentionally distribute approximately 5.5 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, Sections 841(a)(1) and (b)(1)(C), United States Code.

### COUNT 2

The Grand Jury further charges:

Beginning at least as early as August 25, 2014, and continuing through September 3, 2014, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and

elsewhere, KALI ALEXANDER, RASHEAM NICHOLS, JUSTIN MAXWELL, TERRANCE CHAPPELL, and KENNETH FLOWERS, and others known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally combine, conspire, and confederate, and agree together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, Sections 841(a)(1) and (b)(1)(A), United States Code.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that KALI ALEXANDER recruited RASHEAM NICHOLS, JUSTIN MAXWELL, TERRANCE CHAPPELL, and KENNETH FLOWERS to steal eight to nine kilograms of cocaine from a stash house located in the Northern District of Ohio.

It was further part of the conspiracy that ALEXANDER, NICHOLS, MAXWELL, CHAPPELL, and FLOWERS planned to conduct a home invasion style robbery by entering the stash house by stealth, force, or deception and stealing multiple kilograms of cocaine.

It was further part of the conspiracy for ALEXANDER, NICHOLS, MAXWELL, CHAPPELL, and FLOWERS to use and carry firearms during and in relation to the home invasion.

It was further part of the conspiracy that ALEXANDER intended to distribute the stolen cocaine on behalf of NICHOLS, MAXWELL, CHAPPELL and FLOWERS.

It was further part of the conspiracy that ALEXANDER, NICHOLS, MAXWELL, CHAPPELL, and FLOWERS intended to share the proceeds from the distribution of the cocaine.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of

the conspiracy and to effect the goals and conceal the existence of the conspiracy, in the Northern District of Ohio, Eastern Division, and elsewhere, including but not limited to the following:

1. On August 25, 2014, KALI ALEXANDER met with a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF-UC) acting in an undercover capacity. ALEXANDER expressed the ability and interest in committing a robbery of eight to nine kilograms of cocaine from a stash house. ALEXANDER stated, "I promise you, I know what I'm doing, I'm about to holler at my big brother, then we going to orchestrate it from there."

2. On August 27, 2014, KALI ALEXANDER and RASHEAM NICHOLS met with the ATF-UC. NICHOLS expressed the ability and interest in committing a robbery of eight to nine kilograms of cocaine from a stash house. ALEXANDER and NICHOLS discussed how the robbery would be committed. ALEXANDER stated, "I want to go in, like, right after you go in, I want to get the best information you can give, where we can be placed close, you feel me, so as soon as you tell me, so as soon as you go in, we're right behind you, everything go down, you feel me, ain't nobody moves, nothing, so that nobody be able to react to nothing." NICHOLS indicated, "I know exactly what I'm doing."

3. On September 2, 2014, KALI ALEXANDER and JUSTIN MAXWELL met with the ATF-UC. MAXWELL expressed the ability and interest in committing a robbery of eight to nine kilograms of cocaine from a stash house. ALEXANDER indicated that he had previously told MAXWELL about the plan to steal the eight to nine kilograms of cocaine.

4. On September 3, 2014, KALI ALEXANDER, RASHEAM NICHOLS, JUSTIN MAXWELL, TERRANCE CHAPPELL, and KENNETH FLOWERS met with the ATF-UC. CHAPPELL and FLOWERS expressed the ability and interest in committing a robbery of eight

to nine kilograms of cocaine from a stash house. ALEXANDER, NICHOLS, MAXWELL, CHAPPELL, and FLOWERS, discussed how to commit the robbery. FLOWERS suggested how the house should be entered by ALEXANDER, NICHOLS, MAXWELL, and CHAPPELL. CHAPPELL questioned the ATF-UC about a car used to aid in the commission of the robbery. ALEXANDER instructed NICHOLS, MAXWELL, CHAPPELL, and FLOWERS to clear the house (search for people) before looking for the cocaine. NICHOLS suggested ALEXANDER, MAXWELL, CHAPPELL, and FLOWERS enter the house and shoot the individuals inside the house.

5. After meeting with the ATF-UC, ALEXANDER, NICHOLS, MAXWELL, CHAPPELL and FLOWERS drove to a location in anticipation of acquiring a specific vehicle to use during the home invasion. ALEXANDER, NICHOLS, MAXWELL, CHAPPELL and FLOWERS exited the vehicle in anticipation of receiving the address of the residence where the home invasion would be conducted.

All in violation of Title 21, United States Code, Section 846.

## COUNT 3

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, KALI ALEXANDER, did knowingly use or carry a firearm in, during, and in relation to a crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as charged in Count 2 of the indictment, a violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A), United States Code, in violation of Title 18, Section 924(c)(1)(A)(i), United States Code.

## COUNT 4

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, RASHEAM NICHOLS, did knowingly use or carry a firearm in, during, and in relation to a crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as charged in Count 2 of the indictment, a violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A), United States Code, in violation of Title 18, Section 924(c)(1)(A)(i), United States Code.

## COUNT 5

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, JUSTIN MAXWELL, did knowingly use or carry a firearm in, during, and in relation to a crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as charged in Count 2 of the indictment, a violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A), United States Code, in violation of Title 18, Section 924(c)(1)(A)(i), United States Code.

## COUNT 6

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, TERRANCE CHAPPELL, did knowingly use or carry a firearm in, during, and in relation to a crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess

with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as charged in Count 2 of the indictment, a violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A), United States Code, in violation of Title 18, Section 924(c)(1)(A)(i), United States Code.

## COUNT 7

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, KENNETH FLOWERS, did knowingly use or carry a firearm in, during, and in relation to a crime for which he may be prosecuted in a court of the United States, to wit: conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, as charged in Count 2 of the indictment, a violation of Title 21, Sections 846 and 841(a)(1), (b)(1)(A), United States Code, in violation of Title 18, Section 924(c)(1)(A)(i), United States Code.

## COUNT 8

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, KALI ALEXANDER, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Aggravated Robbery, with a Firearm Specification, and Weapon Under Disability, in Case Number CR-09-528570-C, in the Cuyahoga County Common Pleas Court, on or about November 10, 2009, did knowingly possess in and affecting interstate commerce ammunition, to wit: 9 (nine) rounds of assorted 9mm caliber ammunition, in violation of Title 18, Section 922(g)(1), United States Code.

## COUNT 9

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, RASHEAM NICHOLS, having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Aggravated Robbery, with a Firearm Specification, and Weapon Under Disability, in Case Number CR-09-528570-D , in the Cuyahoga County Common Pleas Court, on or about November 10, 2009, did knowingly possess in and affecting interstate commerce ammunition, to wit: 9 (nine) rounds of assorted 9mm caliber ammunition, in violation of Title 18, Section 922(g)(1), United States Code.

## COUNT 10

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division, JUSTIN MAXWELL, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that being: Aggravated Robbery, with a Firearm Specification, in Case Number CR-09-528570-A, in the Cuyahoga County Common Pleas Court, on or about November 10, 2009, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Smith & Wesson, Model Special CTG, .38 caliber pistol, serial number V482232, and 6 (six) rounds of assorted .38 caliber ammunition, in violation of Title 18, Section 922(g)(1), United States Code.

## COUNT 11

The Grand Jury further charges:

On or about September 3, 2014, in the Northern District of Ohio, Eastern Division,

TERRANCE CHAPPELL, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that being: Burglary, in Case Number CR-11-557891, in the Cuyahoga County Common Pleas Court, on or about November 8, 2012, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Ruger, Model P95, 9mm caliber pistol, serial number 317-07207, and 15 rounds of assorted 9mm caliber ammunition, in violation of Title 18, Section 922(g)(1), United States Code.

## FORFEITURE

The Grand Jury further charges:

For the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the allegations of Counts 1 through 11, inclusive, are incorporated herein by reference. As a result of the foregoing offenses, defendants KALI ALEXANDER, RASHEAM NICHOLS, JUSTIN MAXWELL, TERRANCE CHAPPELL, and KENNETH FLOWERS, shall forfeit to the United States any and all property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of such violations; any and all of their property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations; and, any and all property (including firearms and ammunition) involved in or used in the commission of such violations.

A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.