**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:14 CR 341 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Justin Maxwell, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 222). For the following reasons, the motion is DENIED.

**Facts**

On direct appeal of defendant's conviction and sentence, the United States Court of Appeals for the Sixth Circuit summarized the case:

> This case is one in a long series of elaborate, nearly-identical sting operations conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). In these operations, referred to as "stash house stings," an undercover agent recruits individuals to steal a large quantity of drugs from a house protected by an armed guard. The house, the drugs, and the guards, however, are all fictional—and would-be participants are arrested

1

before they reach the invented location. After such a sting operation, Kali Alexander, Terrance Chappell, Kenneth Flowers, Justin Maxwell, and Rasheam Nichols were arrested, tried, and convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine and using or carrying a firearm during and in relation to a drug conspiracy.

The Sixth Circuit affirmed all defendants' convictions and sentences. Now pending before this Court is defendant Justin Maxwell's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence.

### Standard of Review

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### Discussion

Defendant's brief sets forth seven grounds for relief which he identifies as follows: 1) probable cause, 2) entrapment, 3) jury instruction/affirmative defense, 4) actual innocence, 5) prosecutorial misconduct, 6) sentencing manipulation and sentencing entrapment, and 7)

2

ineffective assistance of counsel.[1]

The government argues that grounds two, three, five, and six have already been raised on direct appeal and rejected by the Sixth Circuit and, consequently, cannot be relitigated here.

"A movant may not use a § 2255 motion "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."*Scott v. United States*, 2018 WL 5879812, at *2 (6th Cir. Aug. 16, 2018)(quoting *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 1995 WL 465802, at *1 (6th Cir. Aug. 4, 1995) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." )

Contrary to the government's assertion, defendant Maxwell only raised grounds five (prosecutorial misconduct) and six (sentencing manipulation/sentencing entrapment) on direct appeal. The prosecutorial misconduct claim was rejected because while the comments were found to be improper, the proof of guilt of the conspiracy was strong. Therefore, Ground Five fails as it was raised and rejected on direct appeal. However, although Ground Six was raised on direct appeal, the Sixth Circuit declined to resolve the issue of whether sentence manipulation or sentence entrapment are recognizable doctrines in this circuit. In fact, the court stated, "We decline to resolve that question here and leave it for another day." Therefore, this claim was not resolved on appeal. However, this Court declines to resolve an issue on collateral review which

---

[1] After the government filed its response, defendant filed a "supplemental memorandum" purporting to set forth an eighth ground for relief asserting that his § 924(c) conviction is invalid following *United States v. Davis,* 139 S.Ct. 2319 (2019). But, the defendant was not granted leave to amend his motion and his reply brief seems to indicate that he abandoned any argument based on *Davis*.

3

the Sixth Circuit has reserved "for another day."

The government argues that probable cause (ground one) was not raised on direct appeal and, consequently, forfeited. The Court agrees. "A petitioner must raise his claims on direct appeal, '[o]therwise, the claim is procedurally defaulted' for purposes of § 2255 review. " *Sullivan v. U.S.,* 587 Fed.Appx. 935 (6th Cir. 2014) (quoting *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001)). Likewise, defendant did not raise grounds two (entrapment) and three (jury instruction/affirmative defense). In *Watt v. U.S.*, 162 Fed.Appx. 486 (6th Cir. 2006) (citing *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)), the court explained:

> "Generally, a criminal defendant cannot raise claims on federal collateral attack (e.g., a habeas petition under 28 U.S.C. § 2254 or a motion to vacate, modify or correct sentence under 28 U.S.C. § 2255) if he did not raise them in his direct federal appeal. 'Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.' *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations and internal quotation marks omitted). To obtain collateral review, a defendant must clear a significantly higher hurdle than would exist on direct appeal:
>
>> In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he must also show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent.

To the extent defendant argues that he failed to raise these grounds on direct appeal because of ineffective counsel, defendant has not demonstrated prejudice, as discussed below in the analysis of ground seven (ineffective assistance of counsel). Nor has he demonstrated actual innocence as discussed below in ground four.

Ground seven asserts ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Counsel is presumed to have provided effective assistance, and a petitioner

4

bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id*. at 693. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Defendant argues that his attorney was ineffective for failing to raise the interrelated issues of probable cause and entrapment, and request a jury instruction on the affirmative defense of entrapment. (Doc. 222 at 20) He argues that an attorney should always inquire if defendant's constitutional rights were violated. Here, defendant maintains, the government's conduct in targeting him amounted to an unreasonable search because no probable cause existed to suspect him of a crime. Nor did his attorney raise the issue of entrapment or request a jury instruction on this affirmative defense even though the government induced him to commit a crime where he lacked the predisposition to such action. He asserts there would have been a fair probability that the outcome of his trial would have been different had his attorney raised these

5

issues.

The Court agrees with the government that defendant fails to show ineffective assistance of counsel. A motion to dismiss the indictment was, in fact, filed on behalf of all defendants by their respective counsel which argued that defendants were entrapped. (Doc. 39) By Memorandum of Opinion and Order, the Court denied the motion and found that defendants had not established a lack of predisposition. (Doc. 54) Therefore, defendant cannot argue that his counsel was ineffective for failing to raise probable cause and entrapment. And, based on the Court's ruling on the motion, it was not professionally unreasonable to not allege entrapment at trial. Because it was not raised at trial, counsel could not have requested a jury instruction for entrapment. Moreover, given that defendant had a prior aggravated robbery conviction, counsel's decision not to raise entrapment so to avoid the government's introduction of evidence of the prior conviction to show predisposition does not show that the representation fell below an objective standard of reasonableness. Finally, defendant fails to demonstrate how the outcome at trial would have been different had counsel raised these issues and, therefore, he does not show prejudice.

Finally, defendant argues that he is actually innocent of the § 924(c) conviction because he did not actively employ a firearm while drug trafficking (ground four). But, as the government points out, defendant admitted in a post-arrest interview that he knew he was participating with others to conduct an armed robbery of the drug stash house and that he had a pistol that day.

For these reasons, all grounds for relief fail.

**Conclusion**

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 12/12/19